# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4945 | **DATE** | 9/13/2011 |
| **CASE TITLE** | Boyd vs. Chandler | | |

**DOCKET ENTRY TEXT**

Respondent's motion (6) to dismiss the petitioner's petition for a writ of habeas corpus as untimely is granted and the petition is dismissed. Status hearing set for 9/29/11 is now vacated.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Petitioner John Boyd brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. That motion is granted.

On April 1, 1997, petitioner pleaded guilty in the Circuit Court of Cook County, Illinois to two counts of first degree murder and four counts of attempted first degree murder, and was sentenced to six concurrent terms of thirty-eight years' imprisonment. In his petition currently before me, petitioner argues that his sentence violates his federal due process rights, as he was never admonished that a three-year period of supervised release ("MSR") would be appended to his sentence.

Congress has established a one-year period of limitation governing motions for collateral relief under 28 U.S.C. § 2254. The limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

In a rather unusual argument, petitioner first argues that AEDPA's one-year statute of limitations does not apply here because he seeks relief not from a judgment of a State court, but rather from the act of an administrative body. Resp. at 2 (citing *Cox v. McBride*, 279 F.3d 492 (7th Cir. 2002) (concluding that AEDPA's one-year statute of limitations does not apply where petitioner brings claim based on internal prison disciplinary board's decision to revoke two years of "good time" credit)). In making this argument, petitioner asserts that the court never informed him that his sentence would include a three-year term of MSR. His theory is that some

other administrative body within the Illinois Department of Corrections imposed the MSR on some unknown date after his judgment became final. He argues that "the addition of a legislatively mandated parole term that is not expressly imposed by the sentencing court is an administrative act." Resp. at 3 (citing *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006)).

I do not agree with the premise of petitioner's argument that he was never informed that his sentence would include a term of MSR. A state court's finding on a factual issue is presumed to be correct unless the petitioner can rebut that presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Here, the circuit court determined that it had properly admonished petitioner about MSR. In addition, the judge's statements during the plea hearing support a finding that petitioner was informed about the imposition of a three-year MSR. As petitioner himself acknowledges, the court told petitioner that the sentencing range for the murder counts was 20 to 60 years, and further stated, "[i]n addition, I have to tell you that once you are released from the penitentiary that there is a three-year supervised period." Pet. at 9. The court likewise explained that the sentencing range for the attempted murder counts was six to 30 years, "with a three-year mandatory supervised release once you are released from the penitentiary." *Id.* Finally, the court explained the sentencing range for attempted murder of a peace officer was 15 to 40 years, and that "[t]here would be a three-year mandatory supervised release upon the penitentiary releasing you." *Id.* Petitioner attempts to make much of the fact that the trial judge did not once again repeat his statement about MSR when he went on to sentence petition to 38 years. I am not convinced by this argument. The judge's comments regarding MSR were not qualified or otherwise stated as merely a possibility, but rather clearly stated that a three-year term would be added to petitioner's sentence. *But cf. U.S. ex rel. Miller v. McGinnis*, 774 F.2d 819, 823 (7th Cir. 1985) (concluding petitioner was not informed of MSR where court merely stated that it "can also impose" MSR on each charge). Thus, I conclude that petitioner was informed that his sentence would include a three-year term of MSR.[1] In light of this, petitioner received his MSR term at the time of his plea, and not at some later time by an internal prison body.[2] I therefore reject petitioner's argument that AEDPA should not apply here.

Turning then to AEDPA's one-year statute of limitations, more than one year elapsed between the date petitioner's conviction became final, May 1, 1997 (30 days after sentencing), and July 21, 2011, the date he filed his federal habeas petition. In fact, petitioner waited ten years to file his first state post-conviction petition in June 2007. Thus, if "the date on which the judgment of conviction becomes final" governs, 28 U.S.C. § 2244(d)(1), the one-year statute of limitations on his federal habeas petition ran out before his state postconviction petition was even filed. Therefore, in order to avoid a timeliness problem, petitioner must be able to show that one of Section 2244's other starting points applies.

Petitioner cannot meet this hurdle. Although he argues that he only learned of the imposition of the MSR term at some later (and unidentified) date and that the MSR term was added at some later point by IDOC, I reject this argument given the judge's comments at the plea hearing regarding the imposition of MSR.

In the event of dismissal, petitioner has asked that I grant a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(2). Where, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, given the state court's finding of fact and the fact that my own analysis indicates that petitioner was informed of the imposition of the three-year MSR, I do not conclude that jurists of reason would find it debatable that petitioner's petition is untimely. Because petitioner was informed at the plea hearing about the MSR, I also do not conclude that jurists of reason would find it debatable that petitioner's claim (that his federal due process rights were violated by the failure to

| STATEMENT |
|---|
| inform him of the MSR term) is without merit. |

     1. Petitioner argues that the respondent cannot meet its burden of showing untimeliness because it has not shown when "the MSR was added to his sentence in violation of his plea bargain." Resp. at 2. As explained above, respondent's burden has been met here in light of my deference to the state court's finding of fact and the admonishments given by the trial judge at the plea hearing.

     2. *Earley*, which involved a petitioner who was *not* informed of the imposition of a term of supervised release, is distinguishable from the instant case. 451 F.3d at 73. In *Earley,* a petitioner pled guilty and was sentenced to six years in prison without the trial judge mentioning any term of supervised release. Because New York law dictated that supervised release should be added to any sentence, the New York Department of Corrections later added the term to Earley's sentence. The Second Circuit concluded that this was an "administrative" act. Conversely here, as explained above, petitioner received his MSR at the time of the plea hearing.